IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NOREEN WISCOVITCH-RENTAS, CHAPTER 7 TRUSTEE**,

**Plaintiff,**

v.

**GLAXOSMITHKLINE PUERTO RICO, INC.**,

**Defendant.**

**CIVIL NO. 13-1509 (GAG)**

Bankr. Case No. 09-2048 (BKT)

Adversary No. 12-110

**OPINION AND ORDER**

On March 2, 2012, Noreen Wiscovitch-Rentas, ("Trustee Wiscovitch") acting as Chapter 7 trustee of the bankruptcy estate of PMC Marketing Corp., (Bankr. Case No. 09-2048), filed an adversary proceeding before the Bankruptcy Court for the District of Puerto Rico pursuant to 28 U.S.C. §§ 1334 & 157 against Glaxosmithkline Puerto Rico, Inc ("Defendant"), Bankr. Case No. 12-110 (BKT).  Plaintiff requests the Bankruptcy Court enter judgment pursuant to 11 U.S.C. § 574, voiding an allegedly preferential transfer of funds for the amount of $89,862.17 by the debtor to Defendant, and ordering Defendant to return said amount to the debtor's estate. (Docket No. 1-2.)

Defendant moved to withdraw the instant adversary proceeding to this court, pursuant to 28 U.S.C. § 157(d). (Docket No. 1-5.)  Defendant argues withdrawal is warranted because he does not consent to trial by jury before a non-Article III court, thereby invoking the Seventh Amendment right. (Docket No. 1-5.)  In support of his request, Defendant further contends that

Rule 9015-1 of the Local Bankruptcy Rules implicitly provides cause for withdrawal when a party refuses to consent to trial by jury before the Bankruptcy Court and because Defendant has not consented, withdrawal is warranted. Id.

After careful consideration of Defendant's contentions and pertinent law, this case is hereby **REMANDED** to the Bankruptcy Court. Defendant's withdrawal of reference is **DENIED**.

**I.     Standard of Review**

The bankruptcy court is a non-Article III judicial forum established by Congress, in order to adjudicate bankruptcy actions. See 28 U.S.C. § 157. While the bankruptcy court is set up to aid in the administration of bankruptcy proceedings, it is the district court that retains original and exclusive jurisdiction over all bankruptcy cases. See 28 U.S.C. § 1334(a); Stern v. Marshall, ___ U.S.___, 131 S. Ct. 2594, 2603 (2011). As such, Congress has given the district court the statutory power to refer any and all bankruptcy proceedings to the bankruptcy court for adjudication. See 28 U.S.C. § 157. In this district, all cases under Title 11 have been referred to the bankruptcy court for the District of Puerto Rico. Pursuant to the General Order of July 19, 1984, all cases are automatically referred to the bankruptcy court. In order for a case to be transferred from the bankruptcy court to the district court, a withdrawal of reference motion must be filed pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure. See FED.R.BANKR.P. R. 5011; P.R. LBR 5011–1. A party whose claims are entitled to a trial by jury can motion the district court to take jurisdiction over the proceedings. See FED.R.BANKR.P; 5011; P.R.LBR 5011–1. There is no other mechanism within the Bankruptcy Rules that permits a bankruptcy court to transfer an action to the district court. See also De Jesus-Gonzalez v. Segarra-Miranda, 476 B.R. 376, 380 (D.P.R. 2012).

**CIVIL NO. 13-1509 (GAG)**

As a statutorily created tribunal of limited jurisdiction, the bankruptcy court must operate within its powers. See Stern, 131 S.Ct. at 2603. The federal statutes, the Federal Rules of Bankruptcy Procedure, as well as the General Orders issued by the local district courts, establish the parameters within which the bankruptcy court may act.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The first part of section 157(d) refers to permissive withdrawal, the second part relates to the mandatory withdrawal of reference. Alfonseca-Baez v. Doral Fin. Corp., 376 B.R. 70, 72-73 (D.P.R. 2007); Jimenez-Vidal v. RG Mortgage Corp., Civ. No. 09-1795 (SEC), 2010 WL 936143, at *4 (D.P.R. 2010). "This District has adopted the Fourth Circuit approach to determining whether permissive withdrawal should ensue. That is, in making this determination the district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Alfonseca-Baez, 376 B.R. at 75 (citing In re Orion Pictures Corporation, 4 F.3d 1095, 1101 (2nd Cir. 1993) cert. dismissed, 511 U.S. 1026 (1994)); see also In re Jackson Brook Institute, Inc., 280 B.R. 779, 782 (D.Me. 2002). The reasoning behind this approach being that "*hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues.* Although the core/non-core distinction is not dispositive it cuts against permissive withdrawal." Alfonseca-Baez, 376 B.R. at 75 (internal quotations omitted) (emphasis provided).

**CIVIL NO. 13-1509 (GAG)**

## II.   Discussion

Rule 9015-1 of the Local Bankruptcy Rules requires consent to have trial conducted by a bankruptcy judge as follows.

> (a) Consent to Have Trial Conducted by Bankruptcy Judge. The parties may consent to have a trial by jury conducted by a bankruptcy judge under 28 U.S.C. ' 157(e) if the following requirements are met:
> (1) the right to a jury trial applies;
> (2) a timely demand has been filed;
> (3) the bankruptcy judge has been specially designated by the district court to conduct the jury trial; and
> (4) the parties jointly file a statement of consent within thirty (30) days of the date following the date that the last responsive pleading is required to be filed.
> (b) Lack of Mutual Consent to Have Jury Trial Conducted by Bankruptcy Judge. A proceeding must be referred to the district court if the first three requirements of subsection (a) of this LBR are met but not all of the parties consent to the trial being conducted before a bankruptcy judge.

P.R. LBR R. 9015-1.  Defendant's contention that his lack of consent binds the court to grant its request for withdrawal of reference is correct under P.R. LBR 9015-1.  However, recent Supreme Court rulings have significantly reformed the authority of bankruptcy courts.  The effects of these changes have begun to trickle down to different stages of bankruptcy litigation.  This case and the above-cited rule are no exception.  The court faces today a crossroad in the aftermath and rules that govern bankruptcy litigation.

### a.  The Stern saga

Four years ago the United States Supreme Court issued a landmark bankruptcy ruling in Stern v. Marshall, ___ U.S.___, 131 S. Ct. 2594 (2011).  Therein, it held that bankruptcy courts, as a constitutional matter, "cannot enter final judgment on a counterclaim that did not arise under Title 11 or in a case under Title 11 arising out of state law with no link to federal law or

4

regulations, even when 28 U.S.C. § 157(b)(2)(C) grants such authority." In re Garcia, 471 B.R. 324, 328-29 (Bankr. D.P.R. 2012) (citing Stern, 131 S. Ct. at 2617).

The Stern ruling addressed the following issues:  first, whether the Bankruptcy Court had the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on a counterclaim regarding an alleged tortious interference with the expectancy of a gift; and, second, if statutory authority was found, whether conferring such authority on the bankruptcy court was or was not constitutional.   Stern, 131 S. Ct. at 2599.  In its analysis, the Supreme Court clarified that bankruptcy judges are not Article III judicial officers, and therefore have limited authority "to resolve certain causes of action that the debtor (or bankruptcy trustees) may hold against others." In re Garcia, 471 B.R. at 328 (quoting  Stern, 131 S. Ct. at 2608–2612.)   The Supreme Court determined that "although ... Section 157(b)(2)(C) [of the Bankruptcy Code] permits the Bankruptcy Court to enter [a] final judgment on [a tortious interference] counterclaim, Article III of the Constitution does not."  In re Garcia, 471 B.R. at 328.  In other words, the Stern ruling removed from bankruptcy judges the authority to enter *final* orders and judgments over certain "core" proceedings that by congressional mandate they had authority to do so.

Stern left many questions unanswered, including how said claims should be treated and which procedural mechanism would take them to Article III Courts for adjudication.  The Supreme Court, in Executive Benefits Ins. Agency v. Arkison picked up where Stern left off and offered an answer to this question that guides today's ruling.  134 S. Ct. 2165, 2170 (2014).  "[U]nder Stern's reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court."

Executive Benefits, 134 S. Ct. at 2168. This ruling clarified that Stern claims shall be treated as "non-core" proceedings within the meaning of Section 157(c).[1] Id. at 2173.

> When a court identifies a claim as a *Stern* claim, it has necessarily "held invalid" the "application" of § 157(b)—*i.e.,* the "core" label and its attendant procedures—to the litigant's claim. Note following § 151. In that circumstance, the statute instructs that "the remainder of th[e] Act ... is not affected thereby." *Ibid*. That remainder includes § 157(c), which governs non-core proceedings. With the "core" category no longer available for the *Stern* claim at issue, we look to § 157(c)(1) to determine whether the claim may be adjudicated as a non-core claim—specifically, whether it is "not a core proceeding" but is "otherwise related to a case under title 11." If the claim satisfies the criteria of § 157(c)(1), the bankruptcy court simply treats the claims as non-core: *The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment.*

Executive Benefits, 134 S. Ct. at 2173 (emphasis provided).

### b. The controversy at hand

The instant adversary proceeding is a preference avoidance action under 11 U.S.C. § 547, that is defined as a "core" proceeding under 28 U.S.C. § 157, which Congress intended to be heard and adjudicated by the Bankruptcy Court. Congress gave Bankruptcy Courts the authority to "hear and determine all cases under title 11 and all *core* proceedings arising under title 11, or arising in a case under title 11." See 28 U.S.C. 157 (b)(1). Regardless of Stern, preference avoidance actions have always been "core" proceedings that fall within a bankruptcy judge's adjudicating authority per congressional mandate.

---

[1] A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 US.C. § 157 (c).

The court turns to Defendant's Seventh Amendment right to trial by jury. Notwithstanding the above, Defendant argues that this preference avoidance action must be adjudicated by an Article III judge because it has not consented to a jury trial in Bankruptcy Court, and bankruptcy judges cannot conduct jury trials without the express consent of all parties, according to P.R. LBR Rule 9015-1. Thus, Defendant contends that his Seventh Amendment right to trial by jury warrants withdrawal of this case according to Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990), where the Supreme Court held that the Seventh Amendment applies to preference actions as it was applied to fraudulent transfer claims in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989).

It is important to note that in Langenkamp and Granfinanciera, the Supreme Court extended the Seventh Amendment right to trial by jury to fraudulent transfer and preference avoidance claims, but only in cases where the creditor, i.e. the defendant, has <u>not</u> submitted a proof of claim against the estate. Here, Defendant has not filed a proof of claim; therefore, Defendant is not part of the claim allowance process.[2]

This court must determine which court has authority to adjudicate a "core" bankruptcy-related claim that, per statutory empowerment, may be adjudicated by a bankruptcy judge but, under Constitutional considerations, that same claim falls within the authority of the Article III

---

[2] "If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." Langenkamp v. Culp, 498 U.S. 42, 44-45 (citing Granfinanciera, 492 U.S. at 58-59).

> Granfinanciera's distinction between actions that seek 'to augment the bankruptcy estate" and those that seek "a *pro rata* share of the bankruptcy res,' reaffirms that Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.

Stern, 131 S. Ct. at 2618 (quoting Granfinanciera, 492 U.S. at 34-35).

court.  In this case Defendant's Seventh Amendment right to trial by jury calls for adjudication of that same claim by an Article III judge.

Having reviewed the applicable law and recent Supreme Court cases that impact this court's ruling, the court returns to Defendant's request for withdrawal of reference.  As the statute provides, "a permissive withdrawal of reference may occur only for cause shown.'" Alfonseca-Baez, 376 B.R. at 74.  Permissive withdrawal is used as a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court.  Id.  Section 157(d) gives broad discretion to the district court "on whether a case should be heard before the bankruptcy court or the district court." Id. (quoting Fajardo, 227 B.R. at 765).  "The burden is on the movant to prove that there is *cause* for the district court to withdraw the reference." Id. (citing Ponce, 172 B.R. at 725).

The court, at this juncture, does not find cause for which the above-captioned adversary proceeding, entirely composed of bankruptcy-related issues, should be withdrawn from the Bankruptcy Court and adjudicated by the undersigned.  By itself, Defendant's refusal to consent is insufficient basis for withdrawal.  Congress invested district courts with the authority to delegate bankruptcy proceedings due to their complex nature; it thus, goes without saying the bankruptcy courts provide district courts significant assistance year after year by managing the voluminous bankruptcy petitions that would otherwise take over a large share of their caseload.  The District of Puerto Rico is no exception.  In 2013 the Bankruptcy Court for the District of Puerto Rico registered 10,396 bankruptcy filings and in 2014 11,567 filings.[3]  On this same line, the Supreme Court recently recognized the unquestionable value of the bankruptcy court's role and went further

---

[3] See United States Courts, U.S. Bankruptcy Courts Federal Judicial Caseload Statistics (March 31, 2014) http://www.uscourts.gov/statistics/table/f/federal-judicial-caseload-statistics/2014/03/31 (last visited September 25, 2015).

and stated that "without the distinguished service of [our Magistrate and Bankruptcy] judicial colleagues, the work of the federal court system would grind nearly to a halt." Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1938-39 (2015). "Between October 1, 2013, and September 30, 2014, for example, litigants filed 963,739 cases in bankruptcy courts—more than double the total number filed in district and circuit courts." Id. at 1968 n.2. "Article III also serves a structural purpose, barring congressional attempts 'to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating' constitutional courts and thereby prevent[ing] the encroachment or aggrandizement of one branch at the expense of the other." Wellness, 135 S. Ct. at 1944 (internal quotations omitted).

Uniformity in bankruptcy administration weighs in favor of denying the withdrawal of the reference because the bankruptcy court is much more familiar with preference avoidance actions. See Alfonseca–Baez, 376 B.R. at 75. The undersigned finds that the considerations mentioned above weigh in favor of denying Defendant's request for withdrawal and remanding the instant action to the Bankruptcy Court. The presiding bankruptcy judge will issue proposed findings of facts and conclusions of law that will ultimately be submitted to the undersigned District Judge, who will use his supervisory authority and conduct a *de novo* review of the Bankruptcy Court's recommendation and enter final judgment, consistent with the Supreme Court's instructions in Executive Benefits. Considering the nature of these claims, this course of action is the most prudent and beneficial for the parties and the administration of judicial resources.

It also provides the parties an opportunity to consent to trial before the bankruptcy court. Allowing all interested parties the opportunity to raise potential issues to the court prior to transfer will facilitate the court in making the proper ruling. See De Jesus-Gonzalez, 476 B.R. at 381.

**CIVIL NO. 13-1509 (GAG)**

### III. Conclusion

As such, the court **REMANDS** this case to the Bankruptcy Court. This adversary proceeding shall continue before the Bankruptcy Court who will, in turn, consider these claims and issue proposed findings of facts and conclusions of law. Accordingly, Defendant's withdrawal of reference is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of September, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge